## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BEHRENS,<br><br>                 Plaintiff,<br><br>  v.<br><br>KIMBERLY CLARK CORPORATION, COTTONELLE, AMAZON.COM INC., STOP & SHOP KEYPORT, JOHN DOES 1-30 (said names fictitious, real names unknown) and ABC CORPS. 1-30 (said names fictitious, real names unknown),<br><br>                 Defendants. | Case No.: 3:22-cv-01475 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMAZON.COM INC.'S RENEWED MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND N.J.S.A. § 2A:58C-9**

GORDON REES SCULLY MANSUKHANI LLP
*Counsel for Defendant Amazon.com Inc.*
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
T: (973) 549-2500
E: jmdoherty@grsm.com

On the Brief:
    JoAnna M. Doherty

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ALLEGATIONS ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT ...................................................................................................................... 2

    I.    Amazon is Entitled to Dismissal as an Alleged "Product Seller," under the PLA . 2

    II.    The PLA Subsumes Plaintiff's Negligence and Breach of Implied Warranty Claims ................................................................................................................... 3

    III.    Plaintiff's PLA Claims Are Improperly Plead ........................................................ 5

        A.    Plaintiff does not allege that he is a foreseeable user. ............................... 5

        B.    Plaintiff's design defect claim is not properly plead. ................................ 6

CONCLUSION .................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 2

*Cavanaugh v. Skil Corp.*,
  164 N.J. 1 (2000) .................................................................................................... 6

*Collins v. Mary Kay, Inc.*,
  874 F.3d 176 (3d. Cir. 2017) .................................................................................. 2

*Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*,
  936 F. Supp. 2d 441 (D.N.J. 2013) ........................................................................ 4

*Green v. GMC*,
  310 N.J. Super. 507 A.2d 205 (App. Div. 1998) ................................................... 4

*Hindermyer v. B. Braun Med. Inc.*,
  419 F. Supp. 3d 809 (D.N.J. 2019) .................................................................... 3, 6

*In re Ins. Brokerage Antitrust Litig.*,
  618 F.3d 300 (3d Cir. 2010) ................................................................................... 2

*In re Lead Paint Litig.*,
  191 N.J. 405 A.2d 484 (2007) ................................................................................ 3

*Indian Brand Farms v. Novartis Crop Prot., Inc.*,
  890 F. Supp. 2d 534 (D.N.J. 2012) ........................................................................ 2

*Indian Brand Farms, Inc. v. Novartis Crop Prot., Inc.*,
  617 F.3d 207 (3d Cir. 2010) ................................................................................... 5

*Koruba v. Am. Honda Motor Co., Inc.*,
  396 N.J. Super. 517 (App. Div. 2007) ................................................................... 3

*McWilliams v. Yamaha Motor Corp. USA*,
  780 F. Supp. 251 (D.N.J. 1991) ............................................................................. 4

*Mendez v. Shah*,
  28 F. Supp. 3d 282 (D.N.J. 2014) ...................................................................... 4, 6

*Reiff v. Convergent Techs.*,
  957 F. Supp. 573 (D.N.J. 1997) ............................................................................................... 4

*Sinclair v. Merck & Co., Inc.*,
  195 N.J. 51 (2008) .................................................................................................................... 3

*Thomas v. Ford Motor Co.*,
  70 F. Supp. 2d 521 (D.N.J. 1999) ............................................................................................ 4

*Tirrell v. Navistar Int'l, Inc.*,
  248 N.J. Super. 390 A.2d 643 (App. Div. 1991) ..................................................................... 3

*Toms v. J.C. Penney Co., Inc.*,
  No. 05-2582, 2007 WL 2893052 (D.N.J. Sept. 28, 2007) ....................................................... 5

*Worrell v. Elliott & Frantz*,
  799 F.Supp.2d 343 (D.N.J. 2011) ............................................................................................ 5

*Yocham v. Novartis Pharm. Corp.*,
  736 F. Supp. 2d 875 (D.N.J. 2010) .......................................................................................... 2

**Statutes**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 2, 6

N.J.S.A. § 2A:58C-1 ..................................................................................................................... 1

N.J.S.A. § 2A:58C-2 ..................................................................................................................... 3

N.J.S.A. § 2A:58C-8 ..................................................................................................................... 2

N.J.S.A. § 2A:58C-9(d) ................................................................................................................ 3

Defendant Amazon.com Inc. ("Amazon"), by and through its attorneys, Gordon Rees Scully Mansukhani LLP, hereby renews its motion seeking dismissal of the Complaint of Plaintiff David Behrens ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

This product liability lawsuit stems from injuries Plaintiff allegedly sustained in connection with his use of Cottonelle Flushable Wipes ("Wipes") in March 2020. The Complaint appears to assert claims for violation of the New Jersey Product Liability Act, N.J.S.A. § 2A:58C-1, *et seq.* ("PLA"), negligence, and breach of express and implied warranty against Amazon.

The Complaint should be dismissed in its entirety because (a) Amazon has submitted an Affidavit identifying Kimberly-Clark as the manufacturer of the Wipes, and thus Amazon is relieved of liability under the PLA's "product seller" safe harbor; (b) Plaintiff's negligence and breach of implied warranty claims are subsumed by the PLA, the exclusive remedy for product defect claims in New Jersey; (c) Plaintiff's PLA claim fails in the absence of any allegation that he is a reasonably foreseeable user of the Wipes; and (d) Plaintiff's design defect claim fails to allege that Wipes' risk of harm outweighs its utility, or that a reasonable alternate design exists that is practical and feasible.

## ALLEGATIONS

Plaintiff claims that he sustained unspecified injuries in connection with his use of Cottonelle Fresh Feel Flushable Wet Wipes for Adults (the "Wipes") in March 2020. ECF 1 ¶¶ 3-4. The Complaint does not specify whether Plaintiff purchased the Wipes from Amazon or Stop & Shop. *See generally* ECF 1.


## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), it is appropriate to dismiss any tort claim that is "subsumed" or precluded by the PLA. *Indian Brand Farms v. Novartis Crop Prot., Inc.*, 890 F. Supp. 2d 534, 543 (D.N.J. 2012) (Rodriguez, J.) ("Courts have consistently dismissed product liability claims based on common law theories"). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must separate the factual and legal elements of the claims, accepting the well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

"[F]ederal courts sitting in diversity jurisdiction apply state law to substantive issues." *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d. Cir. 2017); *Yocham v. Novartis Pharm. Corp.*, 736 F. Supp. 2d 875, 880 (D.N.J. 2010) ("The location of the injury in tort cases determines the law to be applied ..."). Accordingly, New Jersey law governs the substance of Plaintiff's claims.

### I. Amazon is Entitled to Dismissal as an Alleged "Product Seller," under the PLA

The PLA provides a safe harbor exception for defendants who are alleged to have sold the allegedly defective product, like Amazon, that submit an affidavit to the Court identifying the manufacturer of the product at issue. N.J.S.A. § 2A:58C-8; N.J.S.A. § 2A:58C-9 ("In any product liability action against a product seller, the product seller may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or

damage. Upon filing the affidavit pursuant to subsection a. of this section, the product seller shall be relieved of all strict liability claims."). There are three exceptions to the safe harbor protection: an alleged "seller" remains liable if (1) it exercised control over the design, manufacture, packaging, or labeling of the product; (2) it knew or should have known of the defect; or (3) it created the defect. N.J.S.A § 2A:58C-9(d); *Koruba,* 396 N.J. Super. at 531. None of these exceptions apply. *See* Ex. A. Amazon has submitted an Affidavit, as an alleged "product seller," identifying Kimberly-Clark as the manufacturer of the Wipes. Ex. A. Amazon respectfully requests dismissal of Plaintiff's claims against Amazon.

## II.     The PLA Subsumes Plaintiff's Negligence and Breach of Implied Warranty Claims

The PLA was enacted "to limit the expansion of products-liability law" and "to limit the liability of manufacturers so as to balance the interests of the public and the individual with a view towards economic reality." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 817 (D.N.J. 2019). The PLA is "the sole method to prosecute a product liability action." *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398-99, 591 A.2d 643 (App. Div. 1991); *Sinclair v. Merck & Co., Inc.,* 195 N.J. 51, 62 (2008) (the PLA is the exclusive remedy for "harm caused by a product" regardless "of the theory underlying the claim."); *Koruba v. Am. Honda Motor Co., Inc..*, 396 N.J. Super. 517, 531 (App. Div. 2007) ("[T]he PLA no longer recognizes negligence or breach of [implied] warranty … as a viable separate claim for harm caused by a defective product or an inadequate warning."); N.J.S.A § 2A:58C-2 (the three causes of action available under the PLA are design defect, manufacturing defect and failure to warn). As such, the PLA is the sole basis of relief available to New Jersey consumers injured by a defective product. *In re Lead Paint Litig.*, 191 N.J. 405, 436, 924 A.2d 484 (2007).

New Jersey federal and state courts have "consistently dismissed product liability-related claims based on common law theories as subsumed by the PLA when at the heart of those theories is the potential "harm caused by a product." *Mendez v. Shah*, 28 F. Supp. 3d 282, 294 (D.N.J. 2014) ("[P]laintiff's claim for implied warranty is subsumed under the PLA and not cognizable as a state law claim under New Jersey law."); *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 447 (D.N.J. 2013) (implied breach of warranty claim "is subsumed by the PLA and must be dismissed."); *Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 528-29 (D.N.J. 1999) (dismissing common-law claim for negligent manufacture); *Reiff v. Convergent Techs.*, 957 F. Supp. 573, 583 (D.N.J. 1997) (dismissing negligence and implied breach of warranty claims); *McWilliams v. Yamaha Motor Corp. USA*, 780 F. Supp. 251, 262 (D.N.J. 1991) (same), *aff'd in part, rev'd in part on other grounds*, 987 F.2d 200 (3d Cir. 1993); *Green v. GMC*, 310 N.J. Super. 507, 517, 709 A.2d 205 (App. Div. 1998) ("negligence, strict liability and implied warranty have been consolidated into a single product liability cause of action" under the PLA).

Plaintiff appears to have embedded negligence claims against Amazon in the First and Fifth Counts of the Complaint. ECF 1, First Count ¶ 6 ("As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiff has suffered serious and permanent injuries."); *id.*, Fifth Count ¶¶ 2-4 (alleging Amazon "failed to properly adjust, inspect and/or otherwise verify that the aforementioned wipes were suitable for its intended purpose, free from defects, and contained appropriate warnings and/or instructions" and was "also negligent in the aforesaid sales transactions in that they failed to property instruct, train and/or otherwise teach the representative of the wipes … with respect to the proper manner in which to utilize said

4

product in a safe and appropriate fashion."). These claims should be dismissed as a matter of law.

### III.     Plaintiff's PLA Claims Are Improperly Plead

Plaintiff's PLA claims are also improperly plead. Plaintiff fails to allege that he is a reasonably foreseeable user of the product or that a feasible alternative design exists. These errors are fatal to his claims.

#### A.     Plaintiff does not allege that he is a foreseeable user.

Plaintiff's design defect, manufacturing defect and failure to warn claims fail as a matter of law because the Complaint does not allege that Plaintiff is a reasonably foreseeable user of the Wipes. *Indian Brand Farms, Inc. v. Novartis Crop Prot., Inc.*, 617 F.3d 207, 225 (3d Cir. 2010) ("To succeed under a strict liability design defect theory in New Jersey, a plaintiff must prove that (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; and (3) the defect caused the injury to reasonably foreseeable user."); *Worrell v. Elliott & Frantz*, 799 F.Supp.2d 343, 350 (D.N.J. 2011) ("To plead a prima facie cause of action under the PLA, a plaintiff must show that the defendant manufactured the product, that a reasonably foreseeable user was injured, that the product was defective, that the defect existed when it left the defendant's control, and that the defect was the actual and proximate cause of the plaintiff's injury."); *Toms v. J.C. Penney Co., Inc.*, No. 05-2582, 2007 WL 2893052, at *7 (D.N.J. Sept. 28, 2007) ("To prevail on a claim for failing to adequately warn, a plaintiff must establish that (1) the product did not contain an adequate warning; (2) the inadequacy in the warning existed when the product left the defendant's control; (3) the inadequate warning caused injury to the plaintiff; and (4) the plaintiff was a reasonably foreseeable user of the product."). To the extent the First Count of the Complaint asserts claims against Amazon, it should be dismissed for failure to allege this *prima facie* element.

### B. Plaintiff's design defect claim is not properly plead.

Plaintiff was required to plead either that the Wipes' risk of harm outweighs its utility, or that a reasonable alternate design exists that is practical and feasible. *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 824 (D.N.J. 2019) (dismissing defective design claim for failure to sufficiently plead an alternative design); *Mendez v. Shah*, 28 F. Supp. 3d 282, 297-98 (D.N.J. 2014); *Cavanaugh v. Skil Corp.,* 164 N.J. 1, 5 (2000). The Complaint is devoid any allegation regarding the extent to which the risk involved with the Wipes' use outweighs its utility, that the Wipes could have been designed more safely or that an alternative design that is both practical and feasible exists. As such, Plaintiff's design defect claim against Amazon (Count 1) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

For the foregoing reasons, Defendant Amazon.com Inc. prays that its Renewed Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) be granted in its entirety, with prejudice.

Dated: February 27, 2023　　　　　　　　　　Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**
*Attorneys for Defendants*

By: */s/ JoAnna M. Doherty*
　　JoAnna M. Doherty, Esq.

18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Phone: (973) 549-2500
Fax: (973) 377-1911
Email: jmdoherty@grsm.com