**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BEHRENS,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 22-01475 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon three Motions to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and N.J. Stat. Ann. § 2A:58C-9 filed by Defendants Amazon.com, Inc., Kimberly-Clark Corporation, and The Stop & Shop Supermarket Company LLC.[1] (ECF Nos. 25, 26, 27.) Plaintiff David Behrens did not oppose. The Court has carefully considered Defendants' submissions as well as the allegations in the Complaint and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motions are **GRANTED**.

**I.  BACKGROUND**

  This action involves personal injury claims arising out of Plaintiff David Behrens's use of Cottonelle Fresh Feel Flushable Wet Wipes for Adults.

---

[1]  Stop & Shop was pled as "Stop & Shop Keyport," but its counsel represents that there is no such entity. (ECF No. 1 at 31-32.)

Kimberly-Clark manufactures a line of products branded as Cottonelle.[2] (ECF No. 1 at 12-13.[3]) Amazon and Stop & Shop are retailers that sell and distribute Cottonelle products to consumers. (*Id.* at 13.) Behrens, a New Jersey resident, purchased the wipes at issue through Amazon "and/or" Stop & Shop in Keyport, New Jersey. (*Id.*)

In March 2020, Behrens allegedly "sustained severe and permanent injuries as a result of his use of the" wipes. (*Id.* at 14 ¶¶ 3-4.) He claims that he will have to expend money for medical care and that he will "be unable to pursue his normal activities as before." (*Id.* ¶ 6.)

On February 14, 2022, two years after he was allegedly injured, Behrens filed a complaint against Amazon, Kimberly-Clark, and Stop & Shop in the Law Division of the New Jersey Superior Court, Monmouth County.[4] (*Id.* at 12.) The action was removed to federal court on March 17, 2022, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at 1-6.)

The Complaint lists five Counts, and it is drafted in a manner that makes it difficult at times to discern what particular claim is asserted against which Defendants. Based on the Court's review, it appears that Count I is for personal injury under the New Jersey Product Liability Act ("NJPLA"), N.J. Stat. Ann. § 2A:58C-1, *et seq.*, against all three Defendants; Counts II and III are for breach of warranties of fitness and merchantability, both express and implied, against Kimberly-Clark; Count IV is for negligence against Kimberly-Clark; and Count V is for negligence against Amazon and Stop & Shop as the "authorized agents and/or representatives of"

---

[2] On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4] The caption of the Complaint lists "Cottonelle" and certain "John Does" and "ABC Corporations" as defendants, but there is no indication that a summons or the Complaint have been served on a person or entity other than the three Defendants that have now moved to dismiss.

Kimberly-Clark. (*Id.* at 13-20.)

After obtaining an extension of time, Defendants moved in April 2022 to dismiss the Complaint. (ECF Nos. 16, 20, 21.) Plaintiff, represented by counsel, did not oppose or file a response. The Court denied without prejudice the initial motions to dismiss because there was no proof that the moving papers had been served on Plaintiff. (ECF No. 23.) The Court noted that Plaintiff's counsel does not appear to be an electronic filer, so it was especially relevant that proof of service be supplied. (*Id.*)

On February 27, 2023, the Defendants renewed their motions to dismiss and filed a declaration from counsel confirming that the Court's prior orders had been sent to Plaintiff's counsel by both email and mail. (ECF Nos. 25, 26, 27, 28.) On March 7, 2023, Defendants' counsel filed a supplemental declaration that confirmed that the renewed motions to dismiss had been served on Plaintiff's counsel via email and FedEx Priority Overnight mail. (ECF No. 29.)

Despite the efforts to ensure that Plaintiff's counsel received and was aware of the motions to dismiss, no opposition or response was received from Plaintiff. Out of an abundance of caution, the Court entered a May 11, 2023 text order that informed Plaintiff that if he "intend[ed] to oppose [the motions], he shall have to move for permission to do so out of time, which should be received by no later than May 26, 2023. Otherwise, the Motions will be deemed unopposed." (ECF No. 33.) The Court directed Defendants' counsel to send the text order to Plaintiff's counsel and to file proof of service. (*Id.*) On May 15, 2023, Defendants uploaded proof that counsel had emailed the Court's text order to Plaintiff's counsel on May 12, 2023. (*Id.*) Again, nothing was received in response from Plaintiff. Thus, the motions are unopposed.

## II.    LEGAL STANDARD

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether

3

the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

Because Plaintiff did not oppose the motions to dismiss despite repeated opportunities to do so, it is reasonable to presume that he has abandoned prosecution of this action. Nevertheless, the Court will evaluate on their merits the bases to dismiss, recognizing that in the absence of opposition Plaintiff may be deemed to have waived arguments that could have been raised. *See Powell v. Verizon*, Civ. No. 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) (McNulty, J.) ("A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6).").

#### A. NEGLIGENCE AND BREACH OF IMPLIED WARRANTY

Defendants argue that Plaintiff's negligence and breach of implied warranty claims must be dismissed because they are subsumed by the NJPLA, which in most cases is the exclusive

remedy under New Jersey law for personal injury claims arising out of product use. (ECF Nos. 25-1 at 7-9; 26-1 at 7-8; 27-1 at 6-8.) The Court agrees.

Both state and federal courts have recognized that the NJPLA "controls any 'product liability action,' which is defined as '*any claim or action* brought by a claimant for harm caused by a product, *irrespective of the theory underlying the claim*, except actions for harm caused by breach of an express warranty.' The definition of 'harm' under the [NJ]PLA includes 'personal physical illness, injury or death.' Thus, through the enactment of the [NJ]PLA, common law claims of negligence, strict liability, or breach of an implied warranty that pertain to injury from a product are no longer viable as separate claims. These claims are subsumed by the [NJ]PLA." *Elezovic v. Motor Coach Indus., Inc.*, Civ. No. 22-110, 2022 WL 3316018, at *2 (D.N.J. Aug. 11, 2022) (emphasis in original) (first quoting N.J. Stat. Ann. § 2A:58C-1b(3); and then quoting N.J. Stat. Ann. § 2A:58C-1b(2)); *see also Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 817 (D.N.J. 2019) ("[T]he NJPLA generally subsumes common law product liability claims, thus establishing itself as the sole basis of relief under New Jersey law available to consumers injured by a defective product." (quoting *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991))); *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 156 (N.J. 2020) ("[A]side from breach of express warranty claims, claims that sound in the type of products liability actions defined in the PLA must be brought under the [NJ]PLA."); *Nikirk v. ConducTV Brands*, 2021 WL 391621, at *4 (N.J. Super. Ct. App. Div. Feb. 4, 2021) ("[N]egligence and other common law claims, other than for breach of express warranties, are subsumed within the NJPLA.").

While courts have "allow[ed] plaintiffs to plead a negligence claim alongside a [NJ]PLA claim that 'arise[s] from the independent conduct of a defendant, which is unrelated to the inherent defect in the product itself,'" Plaintiff has not pled such independent conduct, unrelated to any alleged inherent defect in the wipes, nor has he explained in opposition to the motion why his

5

spartan allegations should be so construed. *Elezovic*, 2022 WL 3316018, at *3 (quoting *Hindermyer*, 419 F.Supp.3d at 823). Accordingly, the Court dismisses Plaintiff's claims for negligence and breach of implied warranty with prejudice as subsumed by the NJPLA.

### B. BREACH OF EXPRESS WARRANTY

Kimberly-Clark argues that the breach of express warranty claim fails because Plaintiff has not "allege[d] that Kimberly-Clark ma[d]e a representation about the Wipes that became part of the basis of the bargain for the [w]ipes, and that the [w]ipes did not conform to the affirmation, promise or description," and the "conclusory allegation that [Kimberly-Clark] 'breached warranties of fitness and merchantability both express and implied' fails to identify any specific representation, affirmation or promise by Kimberly-Clark regarding the [w]ipes." (ECF No. 27-1 at 10.)

Under New Jersey law, "to state a claim for breach of express warranty, Plaintiffs must properly allege: (1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 568 (D.N.J. 2013) (citing N.J. Stat. Ann. § 12A:2-313).

District courts have dismissed breach of express warranty claims when a complaint "avers, in purely conclusory terms, that 'Defendant made several different express warranties'" and does not "identify an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Hodges v. Vitamin Shoppe, Inc.*, Civ. No. 13-3381, 2014 WL 200270, at *5 (D.N.J. Jan. 15, 2014) (quoting N.J. Stat. Ann. § 12A:2-313(a)); *id.* ("Th[e] threadbare use of terms such as 'express warranties' and 'breach' and a broad reference to allegations made earlier in the Complaint does not state a plausible claim for relief under

*Iqbal.*"); *see also Simmons v. Stryker Corp.,* Civ. No. 08-3451, 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008) ("Plaintiff's breach of warranty claim is devoid of any 'factual matter' to support the existence of an express warranty. Rather, there is simply a conclusory recitation of the elements of the claim. Plaintiff has alleged no facts to suggest that an express warranty existed.").

Here, Plaintiff has not identified an affirmation, promise, or description of the wipes that could serve as the basis for a breach of express warranty claim. The Complaint vaguely alleges that the wipes were placed in the stream of commerce "with warranties of fitness for the particular purpose for which the wipes were designed to be used" and that these were "warranties both express and implied." (ECF No. 1 at 15 ¶ 2, 17 ¶ 3.) Such bald assertions unsupported by factual matter is insufficient to establish a *prima facie* claim for breach of express warranty. Accordingly, the breach of express warranty claim is dismissed without prejudice.

### C. NJPLA

The NJPLA "is intended to protect users from harm caused by defective products by 'establish[ing] clear rules' in 'actions for damages for harm caused by products.' Specifically, the PLA imposes liability upon the manufacturer or seller for a product's 'manufacturing defects, warning defects, and design defects.'" *Sun Chem. Corp.*, 235 A.3d at 152-53 (citations omitted).

Plaintiff asserts claims for liability under all three theories of the NJPLA. (ECF No. 1 at 14.) The Court will consider, in turn, each of the arguments advanced by Defendants as to why the NJPLA claims should be dismissed.

#### 1. FORESEEABLE USER

Defendants argue that Plaintiff has not pled a plausible claim under the NJPLA because he does not allege that he was a reasonably foreseeable user of the wipes at issue. (ECF Nos. 25-1 at 9; 26-1 at 8-9; 27-1 at 8-9.)

"To plead a *prima facie* [NJ]PLA case, a plaintiff must also show that: '(1) the product was defective; (2) the defect existed when the product left the hands of the defendant; (3) the defect proximately caused injuries to the plaintiff; and (4) the injured plaintiff was a reasonably foreseeable user.'" *Brief v. Idelle Labs, Ltd.*, Civ. No. 22-05085, 2023 WL 2860345, at *2 (D.N.J. Apr. 10, 2023) (quoting *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 825 (D.N.J. 2021)).

District courts have not required plaintiffs to plead much to satisfy the element that they were a reasonably foreseeable user. Nevertheless, courts have looked for some indication that this *prima facie* element has been alleged. *See, e.g.*, *Barrett*, 518 F. Supp. 3d at 826 (finding that plaintiff adequately pled that he was a reasonably foreseeable user where he "aver[red] that Defendant . . . knew that its pharmaceuticals would reach patients, including Plaintiff, after they were placed into the stream of commerce"); *Kwami Williams v. International Paper Co.*, Civ. No. 21-19765, 2023 WL 5705047, at *9 (D.N.J. Sept. 5, 2023) (finding that plaintiff adequately pled that he was a reasonably foreseeable user where he "assert[ed] that he 'was a reasonably foreseeable user of the subject equipment'").

Here, the Complaint does not allege that Behrens was a reasonably foreseeable user of the wipes or that Defendants knew, or should have known, that individuals such as Behrens might make use of the wipes after they were placed into the stream of commerce. Instead, the Complaint wants the Court to assume that Plaintiff was a reasonably foreseeable user by virtue of the wipes being in the stream of commerce. Even if the Court were inclined to so assume, this issue highlights a broader defect in Plaintiff's pleading, which is that Plaintiff's factual allegations are so sparse that they do not rise to the level of a plausible NJPLA claim without speculation and the assumption of facts not pled.

Plaintiff alleges that he used wipes at some point in March 2020 that were somehow defective, and this led to unspecified injuries. He does not describe how the wipes were allegedly defective, how the alleged defect was the cause of an injury, or the location or nature of the alleged injury caused by the wipes (other than that it was "serious and permanent"). On such a bare and conclusory pleading without supporting factual allegations, the Court cannot find a plausible NJPLA claim to have been asserted. *See Est. of Hewlett v. Cannon Mills Co.*, Civ. No. 20-13730, 2022 WL 1602172, at *2 (D.N.J. May 20, 2022) ("As Plaintiff does not offer sufficient facts to support the plausibility of its [NJPLA] claim . . . , dismissal is warranted."); *Idelle Labs, Ltd.*, 2023 WL 2860345, at *3 ("Plaintiffs have . . . insufficiently pled causation. Plaintiffs claim that Mr. Brief used the Products 'regularly' for 'many years,' but have not alleged facts to show that Mr. Brief's exposure was to 'high levels' of benzene, which is what can cause leukemia . . . ."). Accordingly, Plaintiff's NJPLA claims are dismissed without prejudice.

### 2. RISK-UTILITY TEST/FEASIBLE ALTERNATIVE DESIGN

Defendants also argue that Plaintiff's design defect claim under the NJPLA fails because Plaintiff did not plead that the risk of harm from the wipes outweighs their utility or that a reasonable alternative design exists. (ECF Nos. 25-1 at 10; 26-1 at 9-10; 27-1 at 9.)

"Courts in this District have often dismissed design defect claims because the plaintiff failed to allege that a reasonable alternative design existed or that the risk outweighed the product's utility." *Vicente v. DePuy Synthes Companies*, 570 F. Supp. 3d 232, 241 (D.N.J. 2021) (collecting cases); *see also Hindermyer*, 419 F.Supp.3d at 825 ("Plaintiff has not satisfied the additional pleading requirements of defective design—the existence of an alternative design that is both practical and feasible."). While there are instances when a plaintiff may not be "required to plead an alternative design or engage in a risk-utility analysis, because a design defect can be established through the 'consumer expectations' test," Plaintiff does not explain how the alleged defect in the

wipes at issue could be so established or how the alleged defect is self-evident. *Vicente*, 570 F. Supp. 3d at 242. Accordingly, Plaintiff's design defect claim under the NJPLA is also dismissed on this ground.

### 3. PRODUCT SELLERS

Finally, Amazon and Stop & Shop argue that the NJPLA claims against them should be dismissed under N.J. Stat. Ann.§ 2A:58C-9 because they are "product sellers" and submitted an affidavit to the Court identifying the manufacturer of the product at issue – Kimberly-Clark Corporation – and none of the exceptions to the NJPLA's safe harbor provision apply.[5] (ECF Nos. 25-1 at 6-7 & 26-1 at 6-7.)

Because Plaintiff's NJPLA claims are being dismissed against all three Defendants for the reasons detailed above, the Court does not now reach whether the claims should also be dismissed against Amazon and Stop & Shop as "product sellers" under the NJPLA. Courts typically review the affidavits submitted and consider this defense on summary judgment, and it is unnecessary for this Court at this time to decide whether it is appropriate to convert the present motion to dismiss to one for summary judgment. *See Gremo v. Bayer Corp.*, 469 F. Supp. 3d 240, 254 n.8 (D.N.J. 2020) ("AmerisourceBergen has not cited to any law that would permit this Court to consider its affidavit in the context of a Rule 12(b)(6) motion, the Court will deny AmerisourceBergen's motion."); *Guignard v. Biomet, Inc.*, Civ. No. 18-14521, 2019 WL 2723905, at *3 (D.N.J. June

---

[5] N.J. Stat. Ann.§ 2A:58C-9 states that, "[i]n any product liability action against a product seller, the product seller may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or damage. . . . Upon filing the affidavit . . . , the product seller shall be relieved of all strict liability claims, subject to certain exceptions," such as if "[t]he product seller has exercised some significant control over the design, manufacture, packaging or labeling of the product," "knew or should have known of the defect in the product which caused the injury, death or damage," or "created the defect in the product which caused the injury, death or damage."

30, 2019) ("[W]hether a product seller may raise the NJPLA's safe harbor is a merits question that is appropriately addressed at summary judgment.").

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 25, 26, 27) Plaintiff's Complaint are **GRANTED**. An appropriate Order follows.

Dated: September 14, 2023

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE